IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF OHIO CINCINNATI DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.:<br>) _____<br>)<br>) |
| v. | )<br>) **COMPLAINT** |
| **TOTAL MAINTENANCE SOLUTIONS, INC,** | )<br>)<br>) |
| Defendant. | )<br>) **JURY TRIAL DEMAND**<br>) |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") brings this action against Total Maintenance Solutions, Inc. ("TMS"), pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Aaliyah Thomas ("Thomas") who was adversely affected by such practices. As alleged in greater detail in paragraph twelve below, the Commission alleges that TMS, through its owner, subjected Thomas to a sexually hostile work environment because of her sex, female, and terminated her position in retaliation for her complaints of sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Cincinnati Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, Total Maintenance Solutions, Inc., at all relevant times has been a company doing business in the State of Ohio, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Total Maintenance Solutions, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## **ADMINISTRATIVE PROCEDURES**

6. More than thirty (30) days prior to the institution of this lawsuit, an EEOC Charge of Discrimination was filed by Aaliyah Thomas alleging violations of Title VII.

7. On April 12, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide the opportunity to remedy the discriminatory practices described in the Letter of Determination referenced above in Paragraph 7.

9. The Commission was unable to secure from Defendant a conciliation agreement that was acceptable to the Commission.

10. The Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

12. TMS hired Aaliyah Thomas on or about June 13, 2017, as the office manager for the commercial cleaning and construction clean up company. TMS's owner, Leroy Owens ("Owens"), subjected Thomas to sexual harassment and retaliated against her in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a). The harassment and retaliation included, but is not limited to:

    a. Owens made sexual comments, such as calling Thomas my "little young ass"; constantly sexually ogled her and told her how sexy she looked; hugged her and made sexual comments about her body; and repeatedly called her at night at her home after work hours suggesting a sexual relationship. Despite Thomas's repeated complaints about the sexually hostile environment, Owens would not stop the harassing conduct.

    b. After repeated verbal complaints to Owens about the sexual harassment, Thomas texted Owens asking him to stop the harassment. In retaliation, Owens ordered Thomas to clean the office restroom, a duty not in her job description, and when Thomas refused Owens terminated Thomas's employment.

13. The effect of the practices complained of in paragraph 12 above has been to deprive Thomas of equal employment opportunities and to otherwise adversely affect her employment status because of her sex.

4

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to Thomas's federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining TMS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964.

B. Grant a permanent injunction enjoining TMS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against its employees for complaining of or filing charges of discrimination based on sex under the provisions of Title VII of the Civil Rights Act of 1964.

C. Order TMS to institute and carry out policies, practices, and programs which effectuate the equal treatment of its employees in the terms and conditions of their employment and which eradicate the effects of its past and present unlawful employment practices based on sex.

D. Order TMS to make whole Thomas by providing her

compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, in amounts to be determined at trial.

    E.    Order TMS to make whole Thomas by providing her compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

    F.    Order TMS to pay Thomas back wages for its termination of Thomas's employment in retaliation for her complaints as described in paragraph 12 above, in amounts to be determined at trial.

    G.    Order TMS to pay Thomas punitive damages for its malicious and reckless conduct described in Paragraph 12 above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    *s/ Kenneth L. Bird*
Kenneth L. Bird
Regional Attorney
EQUAL
EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office

    *s/Kenneth W. Brown*
Kenneth W. Brown
Senior Trial Attorney
EQUAL
EMPLOYMENT
OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King Jr. Place Suite 268
Louisville, KY 40202
Phone: 502-582-5440
Fax: 502-582-5437
email: Kenneth.Brown@eeoc.gov

    *s/ Robin M. Lybolt*
Robin M. Lybolt
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203
Phone: 317-226-5049
Fax: 317-226-7953